GRAN LOGIA DE DISTRITO DEL DISTRITO No. 41 DE LA GRAN ORDEN UNIDA DE ODD-FELLOWS EN AMÉRICA, y la LOGIA VÍCTOR ROJAS No. 9728, demandantes y apelantes, *v.* LOGIA VÍCTOR ROJAS, INC., demandada y apelada.

No. 6580.—*Sometido:* Abril 4, 1935. *Resuelto:* Mayo 27, 1935.

*Pascasio Fajardo Martínez,* abogado de los apelantes; *Susoni & Lens,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La Gran Logia de Distrito del Ditrito No. 41 de la Gran Orden Unida de Odd-Fellows en América, con domicilio en San Juan, y la Logia Víctor Rojas No. 9728, afiliada a di-

cha Orden y domiciliada en Arecibo, demandaron ante la corte del distrito a la Logia Víctor Rojas, Inc., domiciliada también en Arecibo, en solicitud de una sentencia condenando a la demandada a entregar a la demandante Logia Víctor Rojas No. 9728 el edificio y finca descritos en la demanda con todos los muebles, útiles y enseres del templo en el mismo instalado, los libros, documentos y cualquiera otra propiedad en dinero o muebles pertenecientes a la demandante el 10 de septiembre de 1930 y que se hubieren cobrado después por alquileres u otro concepto por la demandada llamándose continuadora de la demandante, y declarando nulo el traspaso hecho a la demandada de la indicada finca de la demandante y su inscripción en el registro y nula también, en cuanto pueda significar un traspaso a favor de la demandada de la finca en cuestión, la hipoteca sobre ella constituída el 5 de agosto de 1930 ante el notario Susoni, debiendo la demandada dentro del término de diez días rendir a la demandante una liquidación de los pagarés al portador relacionados con dicha hipoteca con devolución de los mismos o de su importe.

Para pedir esa sentencia se basaron las demandantes substancialmente en los siguientes hechos:

La primera de las demandantes o sea la Logia de Distrito No. 41 es el organismo director en esta isla con jurisdicción sobre todas las logias oddfélicas de Puerto Rico afiliadas a la Orden por conducto de su Comité Administrativo de Philadelphia, Pa., orden que es una asociación instituída para la ayuda mutua social y progreso espiritual de sus miembros y posee bienes materiales para la celebración de sus cultos y la realización de sus obras benéficas, siendo la segunda una logia local con domicilio en Arecibo, afiliada a la Orden desde mayo 8, 1916 en que recibió su carta de dispensación, con un reglamento interior cuyo artículo 1 dice:

"Art. 1.—Esta Logia llevará por nombre 'Víctor Rojas' y tendrá su residencia en Arecibo, siendo su afiliación a la 'Gran Orden

Unida de Odd-Fellows en América' y cuyo registro general de la orden lo indica el número 9728, sometiéndose a las disposiciones de la Gran Logia de Distrito del Distrito No. 41, bajo la dependencia del Subcomité Administrativo de la Orden.''

El 9 de diciembre de 1925 la demandante Logia Víctor Rojas No. 9728, compró a doña Luisa Moreno una faja de terreno en la calle Cervantes de Arecibo y el 15 de marzo de 1926, arrendó al municipio un solar contiguo a la faja, levantando sobre ambos un edificio destinado a templo.

En reunión celebrada en septiembre 10, 1930, Rufino Serrano, que ejercía con carácter interino el cargo de Noble Grande de la dicha logia demandante, Rigoberto Campudonis, Secretario de la misma, y otros de sus miembros se declararon libres e independientes de la demandante Gran Logia de Distrito No. 41 y del Comité Administrativo de Philadelphia por los motivos que expresaron y acordaron formar otra logia con el mismo nombre de Víctor Rojas que incorporaron de acuerdo con la ley sobre asociaciones que no tienen por objeto beneficios pecuniarios, inscribiéndola en la Secretaría Ejecutiva de Puerto Rico. Esa logia así incorporada es la demandada en el pleito.

Para la reunión de septiembre 10, 1930, no fueron citados varios de los miembros financiales de la logia y miembros que asistieron se negaron a consentir en la separación, no obstante lo cual el acuerdo aparece adoptado por unanimidad.

No se notificó previamente la intención de separarse a la Gran Logia del Distrito bajo cuya jurisdicción actuaba la de Arecibo, ni al Comité Administrativo de Philadelphia y cuando se notificó a la primera, después de adoptado dicho acuerdo, fué por ella desaprobado y declarado nulo disponiendo que la logia continuara funcionando con los miembros que habían permanecido leales.

Pocos días antes de la separación los miembros disidentes de la logia que controlaban su dirección otorgaron una hipoteca al portador por cuatro mil quinientos dólares con

el pretexto aparente de pagar ciertas deudas que estaban en su mayor parte satisfechas y el móvil verdadero de asegurarse el control de la propiedad para realizar más tarde el traspaso a la nueva organización.

Los miembros disidentes quedaron en posesión material del edificio, muebles, útiles y libros y de gran parte de la correspondencia y documentos de la demandante, que continúan detentando a pesar de la orden de la primera de las demandantes y de los requerimientos de la segunda, y con fecha febrero 5, 1931, después de haber sido notificada la demandada de una demanda de desahucio interpuesta por la Logia Víctor Rojas No. 9728, Vicente Vega y Rigoberto Campudonis, llamándose Noble Grande y Secretario, respectivamente, de la Logia Víctor Rojas No. 9728, comparecieron ante notario y otorgaron una escritura en la cual haciendo constar el acuerdo de separación se traspasaron a sí mismos, a favor de la Logia Víctor Rojas, Inc. la finca en cuestión, logrando luego que la escritura se inscribiera indebidamente en el registro.

La demandada detenta en la actualidad la repetida finca, obstaculiza a la segunda de las demandantes en el cobro de sus rentas y pretende aparecer como su continuadora con derecho al disfrute de sus bienes.

Contestó la demandada en resumen aceptando la personalidad de la Logia de Distrito demandante y negando la de la Logia Víctor Rojas No. 9728 a partir del 10 de septiembre de 1930, negando además otros particulares de la demanda. Sostiene que en la actualidad la logia demandante Víctor Rojas No. 9728 no existe, siendo la Logia Víctor Rojas, Inc. la existente en su lugar con pleno derecho a las propiedades en disputa de las que se encuentra en posesión.

Fué el pleito a juicio y la corte declaró que para adoptar el acuerdo de separación no se cumplió la regla de la Orden contenida en la sección primera de la Ley No. 98 de los Estatutos Generales de la misma, a saber: "Sec. 1.—

Cualquier Logia que desee separarse de la Orden deberá anunciarlo al Subcomité Administrativo con tres meses de anticipación, y pagará todas las deudas pendientes con la Orden enviando junto al pago, su Dispensación y obras secretas al Subcomité Administrativo'', y luego dijo:

"Si la demandada no siguió con estricta rectitud la norma fijada por los cánones de la Orden, a fin de que se la pueda considerar desligada de la misma, es imperativo [que el juzgador declare y resuelva la inexistencia de tal separación. En otras palabras, se impone una resolución declarando inválida, inexistente y nula la separación verificada por la demandada, debiendo considerársela como que continúa afiliada y bajo la obediencia de la Gran Logia de Distrito del Distrito No. 41 y del Subcomité Administrativo de Filadelfia, hasta tanto no verifique su emancipación en forma válida y legal.

"Una vez decidido que la demandada no cumplió estrictamente con las reglas a que venía obligada para declararse independiente, por cuya circunstancia hay que continuar considerándola como parte integrante de y sometida a la Gran Orden Unida de Odd-Fellows en América, ¿viene el juzgador obligado a fallar sobre las propiedades disputadas? Entendemos que no, porque el dilema es de una diafanidad irrefragable; si dentro de la lógica y en la realidad de la ley, la demandada no ha dejado de integrar la Fraternidad, de la cual se suponía separada, es obvio que resulta innecesario, y hasta contraproducente, que se dicte resolución sobre los bienes, ya que si no ha habido separación, no ha surgido la situación que podría justificar una acción sobre los mismos. Además, el hecho de que la demandada haya tratado de disolver el vínculo que la unía a la Institución Oddfélica, no sería suficiente justificación para imponerle el castigo de despojarla de sus propiedades y entregarlas a la naciente logia organizada por los afiliados que no siguieron a los disidentes. Porque los bienes adquiridos por la Logia Víctor Rojas No. 9728 no pertenecen al nombre; la denominación es algo empírico, algo convencional utilizado solamente para designar la institución, sino que son propiedad de la entidad jurídica, que en nombre colectivo de sus asociados los posee y ejecuta sobre ellos actos de señorío y dominio, y, estando dentro de las facultades de cualquier organismo fraternal el cambiar a su arbitrio de denominación, no advertimos razones convincentes que induzcan al juzgador, porque tal cosa se haga, a decretar un despojo.

"La propiedad es algo consubstancial con la persona, ya sea

ésta natural o jurídica, y un mero cambio de nombre no puede conllevar la pérdida de bienes legítimamente adquiridos por una asociación.

"Resuelto que la demandada, Logia Víctor Rojas Inc., en puridad de verdad, no se ha desintegrado de la Orden Oddfélica, ¿cuál es el *status* del organismo que actualmente funciona en la ciudad de Arecibo con el nombre de 'Logia Víctor Rojas No. 9728?' A juicio del juzgador, tal logia debe considerarse inexistente y carente de vida jurídica y social. ¿Por qué? Por varias razones muy sencillas. La primera: que no ha obtenido carta de dispensación del Organismo Superior y viene actuando con la misma franquicia otorgada a la demandada, la cual ni es transferible, ni es utilizable por entidad alguna que no sea la genuina a quien se librara. Segunda: porque viene detentando una denominación que es patrimonio exclusivo de la demandada, quien, mientras no efectúe su independización en forma correcta y legal, es dueña absoluta del nombre 'Víctor Rojas No. 9728.' Tercera: porque no pueden coexistir, a la vez, dos cuerpos con un solo aliento vital, y siendo ambas una sola, no vive la pretensa suplantadora. Y otras más, de las cuales hacemos gracia por no alargar innecesariamente esta opinión.

"La Logia directriz, en Puerto Rico, de la fraternidad oddfélica debe actuar en consonancia con las circunstancias concurrentes y dar los pasos pertinentes a recabar la cancelación de la incorporación de la demandada en la Secretaría Ejecutiva de Puerto Rico.

"Por tales consideraciones, esta Corte es de opinión que en este caso procede se dicte una sentencia declarando con lugar la demanda y, en su consecuencia, declarando inválida, inexistente y nula la separación verificada por la demandada, Logia Víctor Rojas Inc., del seno y obediencia de la Gran Logia de Distrito del Distrito No. 41 de Puerto Rico y del Subcomité Administrativo de Filadelfia de la Gran Orden Unida de Odd-Fellows en América; debiendo considerarse, a virtud de esta sentencia, que la referida Logia Víctor Rojas Inc., continúa afiliada, en el seno y bajo la obediencia de la Gran Logia de Distrito del Distrito No. 41 de Puerto Rico y del Sub-Comité Administrativo de Filadelfia de la Gran Orden Unida de Oddfellows en América, hasta tanto no verifique su separación y emancipación en forma válida y legal. Todo ello sin especial condenación de costas."

Se registró una sentencia de conformidad el 13 de abril de 1933 y de ella apelaron ambas partes. La apelación de

la demandada ha sido al parecer abandonada. La de las demandantes se limitó por su escrito como sigue:

"La presente apelación se formula aceptando y acatando la aludida sentencia en aquella parte de la misma que declara con lugar la demanda con relación a la nulidad de los procedimientos seguidos por los socios rebeldes por no haberse cumplido con los *by-laws* de la orden al tiempo de la separación, reservándose estos apelantes el derecho de levantar en este recurso todas aquellas cuestiones que justifiquen las alegaciones de la demanda, súplica de la misma, de conformidad con los hechos probados en corroboración a todo ello y en virtud de todo lo cual la sentencia apelada es inconsistente, así como todo error que esté justificado por la transcripción de evidencia que en su día se apruebe."

Perfeccionado el recurso, sólo ha archivado alegato la parte apelante que fué la única que compareció al acto de la vista del mismo.

■■ Aun cuando la cuestión no está envuelta estrictamente, diremos que la prueba demuestra en verdad que la separación se llevó a efecto dejando de cumplirse con las reglas de la orden y que demuestra además—declaraciones de Norman E. Parkhurst, Gran Secretario de la Logia de Ditrito No. 41, y José Gotay · Almedina, Gran Secretario Anterior de la misma, varios documentos y testimonios de Alejo Pérez, Primitivo Barrios, Pantaleón Rosario, Pedro Martínez, Francisco Correa, José Mayol, José Urbinas, Carmelo Pérez, Rosendo Vázquez y José Dolores Díaz—que la Logia Víctor Rojas No. 9728 demandante continuó funcionando en Arecibo con varios de sus antiguos miembros y otros nuevos, reconocida como tal por los organismos centrales de la orden, y que siendo ello así, resulta incongruente la segunda parte de la opinión y sentencia de la corte de distrito con la primera.

A nuestro juicio declarada nula y por consiguiente ineficaz la separación, la que subsiste con derecho al disfrute de sus propiedades no es la logia de nueva creación, la demandada, sino la original, la demandante. Esto es evi-

dente por sí mismo. Volviendo a ella los que de ella se separaron ilegalmente, es que podrán continuar en el seno de la Orden y de su logia y en el disfrute de las propiedades de ésta, no incorporados separadamente como pretende la corte de distrito.

*Debe, en tal virtud, revocarse la sentencia recurrida en la parte en que lo ha sido y dictarse otra declarando la demanda con lugar, con las costas a la demandada.*